

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-17-00073-CV

_____

## IN THE MATTER OF A.J., A JUVENILE

_____

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 418-J-15**

_____

# ORDER

_____

We received a letter from the court reporter in an appeal of a juvenile proceeding which was dismissed by the court for want of jurisdiction. *In re A.J.*, No. 10-16-00329-CV, 2017 Tex. App. LEXIS 2427 (Tex. App.—Waco Mar. 22, 2017, no pet. h.) (mem. op.). Because the juvenile filed a new notice of appeal from the same order which has now been signed by the trial court, we filed this letter in the new appeal in addition to the dismissed appeal. This order responds to the letter and relates solely to the new appeal, 10-17-00073-CV.

It appears from the court reporter's letter that there is a problem with her ability to prepare, certify, and file the reporter's record in this case. An electronic recording,

rather than a stenographic recording, was made of the juvenile proceeding. *See* TEX. R. APP. P 34.6(a)(2). Further the Court Referee, rather than an official court recorder, recorded the proceeding. *See id*. 13.1 (Duties of Court Reporters and Recorders); 13.2 (Additional Duties of Court Recorder). Additionally, the Court Referee has retired and the juvenile prosecutor, who prosecuted the juvenile in this proceeding, has become the new Court Referee. It would appear from these circumstances that an official reporter's record, one which is prepared according to the Rules of Appellate Procedure, cannot be filed in this appeal. Thus, the Court is inclined to either treat this situation as if no reporter's record exists and proceed on the clerk's record alone, *see id*. 37.3, or as if the reporter's record is lost or destroyed, entitling appellant to a new trial. *See id*. 34.6(f). Before taking either of these actions, the Court requests a response from the parties in this proceeding.

Accordingly, the parties are ORDERED to file a response within 7 days from the date of this Order, detailing whether and how the Court may obtain an official reporter's record, within the confines of the Rules of Appellate Procedure, in this appeal and what must occur in this appeal if a reporter's record cannot be prepared and filed.[1]

---

[1] We note that the referee's order was signed on August 29, 2016, but was not adopted by the trial court until February 16, 2017. Under the Texas Family Code, the referee was required to forward the order to the juvenile court judge "at the conclusion of the hearing or immediately after making the determination" and the trial court was required to adopt the order "not later than the next working day after the day that the judge receives" the order. TEX. FAM. CODE ANN. § 54.10(d) (West 2012). We have already issued a letter that questions our jurisdiction in this case. A response was received which was not served on the State. The substance of the response seems to confirm the appeal is moot. Nevertheless, in a separate order issued April 19, 2017, *inter alia*, we requested a response from the State. This order does not replace or modify any

In the Matter of A.J., a Juvenile — Page 2

Appellant's failure to timely file a response will result in the dismissal of this appeal without further notice. *See* Tᴇх. R. Aᴘᴘ. P. 42.3(b), (c).

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Order issued and filed April 19, 2017



---

letter, notice, or order issued in this appeal. We recognize that if the appeal is determined to be moot, there will be no need for a record. But due to the preferential treatment accorded juvenile proceedings, we must proceed to address the record issues even as we question our jurisdiction.